**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THE NUMERO GROUP, LLC,

    *Plaintiff*,

v.

TUFAMERICA, INC.,

    *Defendant*.

Case No. 2025-cv-9674

**<u>NOTICE OF REMOVAL</u>**

Defendant TufAmerica, Inc. ("Tuf"), hereby removes the Complaint pending under Case Number 2025-CH-05902 in the Chancery Division of the Cook County Circuit Court (the "Complaint"), to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, 1331, and 1446. As grounds for removal, Tuf states:

1.    On June 2, 2025, plaintiff The Numero Group, LLC ("Numero") filed the Complaint.

2.    Numero brings suit seeking four declaratory judgments claiming ownership rights to copyrighted works.

3.    Tuf was served with process on July 14, 2025.

4.    Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Tuf are attached hereto as Exhibit 1.

5.    In the Complaint, Numero alleges that it is incorporated in Illinois and with its principal place of business in Illinois. (Complaint ¶ 1).

6.     Numero is an Illinois limited liability company. On information and belief, all members of Numero are citizens of Illinois and Indiana but not New York.

7.     For purposes of diversity jurisdiction, Numero is a citizen of Illinois and Indiana.

8.     Tuf is incorporated in New York and its principal place of business is in New York.

9.     For purposes of diversity jurisdiction, Tuf is a citizen of New York.

10.    The Complaint seeks only nonmonetary relief.

11.    The amount in controversy exceeds $75,000 because the copyrighted works at issue generate income for the duration of the copyright, there are dozens of works at issue, and there is demand for these works both in streaming and licensing.

12.    A cause of action filed in state court is removable to federal court under 28 U.S.C. § 1441(a) if the district court would have original jurisdiction over the action.

13.    This is a civil action in which the United States District Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 because the alleged amount in controversy exceeds $75,000 and because Numero is a citizen of Illinois and Indiana and Tuf is a citizen of New York, therefore, this dispute is between citizens of different states.

14.    The United States District Court further has original jurisdiction pursuant to 28 U.S.C. § 1331 because this matter arises under federal law. As the Supreme Court instructed, "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 19 (1983)"); see also *State Oil Co. v. Alayoubi*, 907 F. Supp. 1233, 1235 (N.D. Ill. 1995) (finding proper subject matter jurisdiction on declaratory judgment action where defendant's cause of action would accrue under federal law).

15.     Here, the Complaint seeks declaratory judgments that "Tuff City has no rights to Mr. LaCour's music," "Numero has rights to Mr. LaCour's music," "Numero's rights to Mr. LaCour's music are superior to Tuff City's rights," and "Numero did not tortiously interfere" with Tuf's rights to Mr. LaCour's music.

16.     The impending action that Numero is seeking to avoid by bringing the declaratory action is an action for copyright infringement – which is a federal question. See *Vaughn v. Kelly*, No. 06 C 6427, 2007 U.S. Dist. LEXIS 17804, at *5 (N.D. Ill. Mar. 13, 2007) (finding federal question jurisdiction where state law claim for unjust enrichment was pre-empted by Copyright Act, 17 U.S.C. 101 *et seq*.). Accordingly, this matter arises under a federal statute.

17.     Removal to this Court is proper because it is "the district and division within which [the Complaint] is pending." 28 U.S.C. § 1446(a).

18.     This Notice of Removal has been filed within 30 days after service upon Tuf.

19.     Promptly after the filing of this Notice of Removal, Tuf will serve a copy on all counsel of record and file a copy of the Notice of Removal of a Civil Action with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d).

20.     This Notice of Removal does not admit the truth of the facts asserted in the Complaint, the validity of Numero's claims, or the existence of injury or damages.

WHEREFORE, TufAmerica, Inc. notifies this Court that this action has been removed from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois pursuant to the provisions of 28 U.S.C. §§ 1332, 1331, 1441, and 1446.

Dated: August 13, 2025

Respectfully submitted,

TufAmerica, Inc.

By:   /s/ Steven P. Mandell
One of its attorneys

Steven P. Mandell (ARDC #6183729)
Bryan G. Lesser (ARDC #6330021)
MANDELL MENKES LLC
1 North Franklin Street, Suite 900
Chicago, IL 60606
(312) 251-1000
smandell@mandellmenkes.com
blesser@mandellmenkes.com
*Counsel for defendant TufAmerica, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document has been served via electronic mail on August 13, 2025 on the following counsel of record:

> Jeffrey S. Becker (jbecker@smbtrials.com)
> Nicole O. Peterson (npeterson@smbtrials.com)
> SWANSON, MARTIN & BELL, LLP
> 330 N. Wabash Avenue, Suite 3300
> Chicago, IL 60611
> 312-321-9100

/s/ Steven P. Mandell