IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE NUMERO GROUP, LLC, *Plaintiff-Counterdefendant*, v. TUFAMERICA, INC., *Defendant-Counterclaimant*. | Case No. 2025-cv-9674 |

## COUNTERCLAIM

TufAmerica, Inc. ("Tuf"), through undersigned counsel, brings this counterclaim for copyright infringement against The Numero Group, LLC ("Numero"), and states as follows:

## PARTIES

1. Numero is a limited liability company incorporated in the State of Illinois whose principal place of business is in Illinois.

2. Numero's members are residents of Illinois and/or Indiana.

3. Tuf is incorporated in the State of New York and whose principal place of business is in New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 because this civil action arises under the laws of the United States, namely, the Copyright Act, 17 U.S.C. 101 *et seq*.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391 because a substantial part of the events giving rise to the claims and causes of action occurred in this District.

## STATEMENT OF FACTS

6. On or about March 4, 2003 (the "March 2003 Agreement" attached as Exhibit A), and or about September 23, 2004 (the "September 2004 Agreement" attached as Exhibit B), Tuf entered into a written contract with Leonard J. LaCour ("LaCour") in which LaCour assigned Tuf exclusive copyright interests in certain musical compositions and sound recordings.

7. In the September 2004 Agreement, Lacour conveyed to Tuf – in perpetuity – all rights in certain enumerated musical compositions and sound recordings owned by Lacour and the Lacour Companies (the "Compositions" and "Sound Recordings"), and appointed Tuf exclusive administrator over all of the Compositions and Sound Recordings.

8. From March 3, 2003 through February 11, 2021, Tuf exercised its rights under the Lacour Agreements, releasing musical albums containing some of the Compositions and Sound Recordings.

9. On or about February 11, 2021, Tuf and LaCour exchanged emails agreeing to extend their agreement to grant Tuf the exclusive copyright interests in additional musical compositions and sound recordings. (The "February 2021 Amendment" is attached as Exhibit C).

10. Pursuant to the February 2021 Amendment, Tuf paid LaCour an additional $8,000.

11. On or about March 17, 2021, Tuf released a musical album entitled "Love-Itis," containing 20 musical tracks performed by Harvey Scales & The Seven Sounds, which was a reissue of an album that had previously been owned and released by Magic Touch ("Love-Itis Album").

12. On or about August 18, 2022, counsel purporting to represent Numero contacted Tuf concerning the Love-Itis Album, indicating that Numero owned the rights to the Love-Itis

Album, and challenging Tuf's rights therein.

13. On or about September 28, 2022, Tuf sent Numero's attorney the proof of copyright assignment, including the February 2021 Agreement, and proof of payment by Tuf. (A copy of the September 2022 Email Exchange is attached as Exhibit D).

14. Subsequently, Tuf discovered that Numero released, and continues to distribute, multiple tracks and albums containing Compositions and Sound Recordings owned by Plaintiff, including but not limited to the following:

   a. Another Taste/Maxx Traxx – "Don't Touch It"
   b. Light Touch Band – "Chi-C-A-G-O (Is My Chicago) b/w Sexy Lady"
   c. Andy Crown – "Why Do I Love You b/w Why Do I Love You (Instrumental)"
   d. LaJohn & Sheela – "Too Far Gone b/w Every Body's Problem"
   e. Magic Touch Bundle ("Why Do I Love You," "Chi-C-A-G-O" and "Too Far Gone").
   f. Harvey Scales – "Trying to Survive"

15. Numero posted a playlist of Magic Touch tracks from the Compositions and Sound Recordings on YouTube.

16. Numero is advertising multiple Magic Touch titles for sale via Instagram and Facebook.

17. Numero has released multiple Magic Touch tracks on Spotify.

18. A list of the Compositions and Sound Recordings authored by LaCour, assigned to Tuf, and infringed upon by Numero (the "Works") are attached as Exhibit E with the corresponding Copyright Registration Numbers.

19. On June 10, 2025, Numero sent a Digital Millennium Copyright Act ("DMCA") takedown notice to Audio Salad, which distributes Tuf's content to Digital Service Providers, with regard to Tuf's compilation album entitled "Magic Touch Singles Volume 8."

3

20. Each of the tracks on "Magic Touch Singles Volume 8" is owned by Tuf, not Numero.

21. The DMCA takedown notice was improper and fraudulent.

22. Numero has continued to distribute the Works via the internet, streaming services, and physical recordings, without authorization from Tuf.

23. Tuf is the current owner of all right, title, and interest in the Works.

24. Numero does not have any valid license, authorization, consent, or permission to use the Works.

25. Following the September 2022 email exchange, Numero was notified of Tuf's rights to the Works, and from October 2022 to present, Numero's ongoing infringement has been in willful disregard of the copyright laws of the United States.

## COUNT I—COPYRIGHT INFRINGEMENT

26. Tuf realleges paragraphs 1-25 as if fully set forth herein.

27. Numero knowingly infringed on the copyrights Tuf owns by manufacturing, publishing, and selling the musical compositions embodying the Works, and publishing and placing on the market the phonorecord in the form of compact discs, vinyl records, and/or digital downloads of the Works, which contain Tuf's copyrights.

28. Tuf is the sole owner of all right, title, and interest in and to the copyright registered Works.

29. Numero was not authorized to manufacture, publish, distribute, perform, exploit, or sell the Works.

30. Numero's unauthorized use was intentional and a wanton act of copyright infringement.

4

31. Numero's conduct constitutes infringement of Tuf's exclusive rights under the Copyright Act, pursuant to 17 U.S.C. § 501, including but not limited to: (A) the right to reproduce the Compositions and Sound Recordings, 17 U.S.C. § 106(3) (the copyright owner has the exclusive right to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending); (B) the right to publicly perform the Compositions and Sound Recordings, 17 U.S.C. § 106(4) (the copyright owner has the exclusive right to perform and authorize others to perform the copyrighted work publicly); and (C) the right to prepare derivative works of the Composition, 17 U.S.C. § 106(2) (the copyright owner has the exclusive right to prepare and authorize others to prepare derivative works based on a copyrighted work).

32. Tuf is entitled to recover actual damages caused by Numero's acts of copyright infringement.

33. By reason of Numero's infringement of the rights in the Works, Tuf has sustained substantial damages in that they are depriving Tuf of income it otherwise would have been able to receive from the sale and licensing of their copyrighted Works.

34. Tuf is further entitled to recover from Numero the profits that Numero has obtained as a result of Numero's acts of copyright infringement pursuant to 17 U.S.C. 504(b), including an accounting of and a constructive trust with respect to such profits.

35. Alternatively, Tuf is entitled to recover from Numero statutory damages in an amount up to $150,000 per work infringed.

36. Also, pursuant to 17 U.S.C. § 502, Tuf is entitled to a permanent injunction requiring Numero to immediately stop infringing.

37. Tuf is also entitled to receive attorneys' fees incurred to recover for Numero's willful infringement.

38. As a direct and proximate result of the foregoing acts and conduct, Tuf has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Tuf avers that unless enjoined and restrained by this Court, Numero will continue to infringe Tuf's rights in the Works. Tuf is entitled to permanent injunctive relief to restrain and enjoin Numero's continuing infringing conduct.

WHEREFORE, Tuf prays for judgment against Numero as follows:

A. For a permanent injunction enjoining Numero and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies or derivatives of Tuf's copyrighted works pursuant to 17 U.S.C. § 502;

B. For all damages to which Tuf is entitled, including Numero's profits and Tuf's lost profits pursuant to 17 U.S.C. § 504(b);

C. Alternatively, at Tuf's election, for statutory damages pursuant to 17 U.S.C. § 504(c) in the maximum amount allowed by law;

D. Awarding Tuf exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

E. Directing that Numero file with the Court and serve upon Tuf's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Numero have complied with the above;

F. Awarding interest, including pre-judgment interest, on the foregoing sums;

G. Awarding Tuf its reasonable costs and other expenses of litigation, including attorneys' fees; and,

H. Awarding Tuf such other and further relief as the Court may deem just and proper.

## COUNT II—TORTIOUS INTERFERENCE WITH CONTRACT

39. Tuf realleges paragraphs 1-38 as if fully set forth herein.

40. The LaCour Agreements and the February 2021 Amendment (the "Agreements") are enforceable contracts between Tuf and Lacour.

41. Numero was aware of the aforementioned contractual relationship.

42. Numero intentionally and unjustifiably induced a breach of the Agreements by using, distributing, and selling the Works, thereby depriving Tuf of the exclusive benefits conferred upon it by the Agreements.

43. LaCour breached the Agreements by depriving Tuf of the exclusive rights conferred upon it by the Agreements.

44. Tuf has incurred damages in the lost profits from the Works.

WHEREFORE, Tuf prays for judgment against Numero as follows:

A. Awarding damages for all lost profits, including but not limited to profits obtained by Numero by its wrongful exploitation of the Works;

B. Awarding costs of suit; and

C. Awarding such other relief as is just.

## JURY DEMAND

Tuf hereby demands a trial by jury on all triable issues in this case.

Dated: September 19, 2025             Respectfully submitted,

                                                TufAmerica, Inc.

                                                By:  /s/ Steven P. Mandell
                                                        One of its attorneys

Steven P. Mandell (ARDC #6183729)
Bryan G. Lesser (ARDC #6330021)
MANDELL MENKES LLC
1 North Franklin Street, Suite 900
Chicago, IL 60606
(312) 251-1000
smandell@mandellmenkes.com
blesser@mandellmenkes.com
*Counsel for defendant TufAmerica, Inc.*

## **CERTIFICATE OF SERVICE**

     The undersigned, an attorney, certifies that a copy of the foregoing document has been served on September 19, 2025 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

<em>Steven P. Mandell</em>