IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE NUMERO GROUP, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>TUFAMERICA, INC.,<br><br>    Defendant. | Case No. 2025-CV-9674 |

**THE NUMERO GROUP, LLC'S MOTION TO DIMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Counter-Defendant THE NUMERO GROUP, LLC ("Numero"), by its attorneys, SWANSON, MARTIN & BELL, LLP, hereby moves this Court to dismiss, in part, Counts I and II of Counter-Plaintiff TUFAMERICA, INC.'s ("Tuff City") counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Numero states as follows:

**INTRODUCTION**

This case concerns a dispute between Numero and Tuff City as to which of these companies holds legal rights over various copyrights in music created by legendary Chicago producer, songwriter and performer, Leonard LaCour ("LaCour"). According to both the Complaint and Counterclaim, LaCour entered into an agreement with Tuff City in 2004 pursuant to which he had agreed to transfer to Tuff City copyright interests in certain enumerated musical compositions and sound recordings contained within his music catalogue (the "Tuff City Contract").

According to the Complaint, Tuff City breached its contract with LaCour by failing to account to him for many years, which resulted in LaCour's decision in 2018 to terminate that agreement and reclaim his interest in the copyrights that had been conveyed thereunder. In 2022, following his termination of the Tuff City Contract, LaCour entered into a master license and

1

publishing administration agreement with Numero (the "Numero Contract"), pursuant to which LaCour granted Numero the right to exclusively administer various sound recording and compositions owned by LaCour, including but not limited to music that had previously been subject to the Tuff City Contract.

In its Counterclaim, Tuff City disputes it breached the Tuff City Contract and contends that it should nevertheless be entitled to exert control over copyrights in the recordings and compositions that were subject to that agreement. In addition, Tuff City claims that it had entered into another agreement with LaCour vis-à-vis an email exchange that took place in February of 2021 (the "2021 Email"), which allegedly reaffirmed the validity of the Tuff City Contract, released Tuff City of all liability for failing to pay LaCour royalties under that contract, and transferred to Tuff City *additional* copyrights in *every* musical composition LaCour had ever written. [Counterclaim, ¶ 7 and Ex. C.]

This Motion specifically concerns the 2021 Email and requests that this Court dismiss Tuff City's claims to the extent reliant upon the validity of that email exchange.[1] As set forth below, the 2021 Email does not constitute a valid agreement between Tuff City and LaCour, nor does it legally assign any copyrights in LaCour's music to Tuff City. On the contrary, the 2021 Email is nothing more than correspondence between Tuff City and one of LaCour's children, Leonard LaCour Jr. ("Junior"), who did not himself sign the 2021 Email and who, in any event, is not alleged to possess any ownership of in his father's copyrights or signatory authority for his father.

---

[1] This Motion does not concern the Tuff City Contract. To be clear, Numero does dispute Tuff City's right to enforce the Tuff City Contract, as well as Tuff City's ability to exert exclusive control over any copyrights that had been subject to that agreement, particularly to the extent such rights would interfere with Numero's interest in those copyrights. Contemporaneous with the filing of this Motion, Numero answered the Counterclaim as it pertains to the Tuff City Contract, and these issues will be addressed separately in this litigation.

Thus, for the reasons set forth below, the 2021 Email did not transfer any of LaCour's copyrights to Tuff City, and all claims reliant on the 2021 Email should be dismissed with prejudice.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "the complaint must first comply with Rule 8(a) by providing 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), such that the defendant is given 'fair notice of what the. . . claim is and the grounds upon which it rests.'" *Perez v. Quicken Loans*, No. 19-CV-2072, 2020 WL 1491145, at *1 (N.D. Ill. Mar. 27, 2020). A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint for failure to state a claim on which relief can be granted. In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *John Muir Health v. Health Care Serv. Corp.*, No. 22-CV-6963, 2023 WL 4707430, at *2 (N.D. Ill. July 24, 2023).

## ARGUMENT

**I.     The 2021 Email is Not a Valid Transfer of Copyright, and Tuff City's Counterclaim Must be Dismissed to the Extent it Relies on the 2021 Email.**

To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Ownership is generally established by originality, copyrightability, citizenship, compliance with statutory formalities, and a chain of title reaching to the plaintiff. *Bell v. Combined Registry Co.*, 397 F. Supp. 1241, 1244 (N.D. Ill. 1975), aff'd, 536 F.2d 164 (7th Cir. 1976).

In this case, Tuff City does not claim to be an original author of any music from which the relevant copyrights emanate. On the contrary, Tuff City contends that *LaCour* created this music and that Tuff City had an interest in the underlying copyrights only by virtue of the fact that LaCour

3

transferred these rights to Tuff City by written agreement. [*See* Counterclaim, ¶¶ 6, 7 and 8.] To maintain its claims against Numero, Tuff City must therefore be able to allege and prove that a clear chain of title exists with respect to the various copyrights over which Tuff City asserts ownership. Tuff City cannot do this with respect to those copyrights allegedly transferred to it pursuant to the 2021 Email. On the contrary, the 2021 Email fails to comply with the requirements of Section 204(a) of the Copyright Act and therefore does not transfer any exclusive rights to Tuff City, which warrants dismissal of its Counterclaim to the extent premised upon this document.

> **A. The 2021 Email Does Not Contain LaCour's Signature and Therefore Fails to Comply with Rule 204(a) of the Copyright Act.**

Section 204(a) of the Copyright Act strictly mandates that copyright transfers are not valid unless an instrument of conveyance is in writing and ***signed by the owner of the rights conveyed***. *See Myers v. Harold*, 279 F. Supp. 3d 778, 794 (N.D. Ill. 2017) (holding that an unsigned agreement between parties did not transfer copyright ownership because, "a transfer of copyright ownership…requires a signed contract."); *Woods v. Resnick*, 725 F. Supp. 2d 809 (W.D. Wis. 2010) (holding no transfer of copyright where defendants "failed to produce a piece of paper signed by [plaintiff] agreeing to transfer copyright ownership to [the defendants].").

A Plaintiff in an infringement case who is not the author of the copyrighted work must establish a proprietary right through a chain of title in order to support a valid claim to the copyright. *Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equip. Distributors*, 983 F. Supp. 1167, 1173 (N.D. Ill. 1997). Without a signed instrument of transfer, a party cannot prove ownership of a copyright. See *Foamation, Inc. v. Wedeward Enters., Inc.*, 970 F. Supp. 676, 683 (E.D. Wis. 1997) (holding that where plaintiff had no instrument transferring the title to copyright, plaintiff lacked standing to sue because it "[could not] prove a proprietary right through a change of title[.]").

In its Counterclaim, Tuff City attempts to enforce its rights as a copyright owner solely by virtue of the fact that LaCour transferred these rights to Tuff City by written agreement. Setting aside any discussion as to the Tuff City Contract (which, again, is not the subject of this motion), Tuff City alleged it is a valid transferee of various copyrights pursuant to *email correspondence* between itself and LaCour, specifically stating:

> On or about February 11, 2021, Tuf and LaCour exchanged emails agreeing to extend their agreement to grant Tuf the exclusive copyright interests in additional musical compositions and sound recordings. (The "February 2021 Amendment" is attached as Exhibit C).

[Counterclaim, ¶ 9.] While email correspondence may constitute a binding contract, the Federal E-Sign Act defines an electronic signature as "an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the *intent to sign* the record." 15 USCA § 7006(5).

Upon even a cursory review of the 2021 Email, it is instantly evident that this correspondence does not comply with the strict requirements of the Copyright Act, as it contains no signature of the owner of the copyrights to be conveyed. Rather, the 2021 Email, which is attached as Exhibit C to Tuf's Counterclaim reads as follows:

> **Bobbie Lacour** <lacourinsurance@yahoo.com>  Thu, Feb 11, 2021 at 10:35 PM
> Reply-To: Bobbie Lacour <lacourinsurance@yahoo.com>
> To: aaron.f.tuffcity@gmail.com
>
> In regards to the below email ( agreement) between Leonard LaCour Sr owner operator of Magic Touch records Inc. and Aaron Fuchs owner of Tuffamerica Inc. It is AGREED TO MOVE FORWARD . It is in which all agreed upon situation are met , between both parties involved.
>
> I Leonard LaCour Jr working as executor and owner of Lacour Insurance Agency LLC ,have received this email and acting on behalf of Leonard LaCour Sr,  he is also as per discussed between himself and Mr Fuchs in Agreement of all transactions listed below.
>
> Thursday Feb 11 2021
>
> Sent from Yahoo Mail on Android

[Counterclaim, Ex. C.] From the face of this 2021 Email, it clearly does not contain any sound, symbol, or process that constitutes a signature of LaCour. While the author of this email does

5

indicate that it agrees "to move forward" with the substance of the email he received from Tuff City, an agreement to proceed with a contract is not equivalent to affixing one's intention to actually sign that document. Indeed, it is unclear from this email whether the author was indicating that the email exchange itself was to be treated as a binding agreement between the parties, or if he was merely stating that he was ready to "move forward" with the drafting of an actual contract to be reviewed and executed by the parties (as the parties had previously done with respect to the Tuff City Contract).

But even if this Court were to find that was an intention contained within the 2021 Email that it be considered "signed" by its author, Tuff City's claim must still fail because, from the face of this document, it is clear *LaCour is not actually the author of this email*, nor is he even included as a party to this correspondence. Rather, this email was exchanged between Tuff City *and Junior*:

> Bobbie Lacour <lacourinsurance@yahoo.com>  Thu, Feb 11, 2021 at 10:35 PM
> Reply-To: Bobbie Lacour <lacourinsurance@yahoo.com>
> To: aaron.f.tuffcity@gmail.com
>
> In regards to the below email ( agreement) between Leonard LaCour Sr owner operator of Magic Touch records Inc. and Aaron Fuchs owner of Tuffamerica Inc. It is AGREED TO MOVE FORWARD . It is in which all agreed upon situation are met , between both parties involved.
>
> I Leonard LaCour Jr working as executor and owner of Lacour Insurance Agency LLC ,have received this email and acting on behalf of Leonard LaCour Sr,  he is also as per discussed between himself and Mr Fuchs in Agreement of all transactions listed below.
>
> Thursday Feb 11 2021
>
> Sent from Yahoo Mail on Android

It is well-settled that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998). This Court should therefore discard the Counterclaim's allegation that the 2021 Email is an exchange between Tuff City and LaCour [Counterclaim, ¶ 9.] On the contrary, this email is clearly written by Junior, who professes to be working as "executor and owner of Lacour Insurance Agency" and "acting on behalf of Leonard LaCour Sr." *Id.*

Fatal to Tuff City's claim is the fact that Junior is *not* alleged to be the owner of any copyrights sought to be transferred pursuant to the 2021 Email, nor does the Counterclaim allege that Junior had the legal authority to sign documents on his father's behalf. Rather, Tuff City recognizes that *LaCour* is the author and owner of the copyrights sought to be conveyed, and it goes so far as to falsely state that LaCour was the individual who had exchanged this email correspondence with Tuff City. [Counterclaim, ¶¶ 6 and 9.] Thus, Tuff City seeks to enforce rights as an owner of copyrights it allegedly secured through a vague email exchange with one of LaCour's children, and not LaCour himself. While Junior's email does mention that his father had "discussed" this transaction with Tuff City, this constitutes nothing more than a nebulous reference to an oral discussion that certainly does not satisfy the writing and signature requirements of Section 204(a). On the contrary, this entire communication is precisely the type of interaction Section 204 is designed to protect against.

For the above reasons, Tuff City cannot allege that a signed writing exists between LaCour and itself pursuant to which LaCour transferred any copyrights to his music catalogue pursuant to the 2021 Email. As such, this Court should dismiss Count I of Tuff City's Counterclaim to the extent it seeks to hold Numero liable for infringement of any copyrights that had allegedly been transferred to Tuff City pursuant to the 2021 Email, and should limit Tuff City's claim to the copyrights associated with the specific recordings and compositions enumerated on Schedules A and B of the Tuff City Contract attached to the Counterclaim as Exhibit B.[2]

---

[2] According to the Counterclaim, "[a] list of Compositions and Sound Recordings authored by LaCour, assigned to Tuf, and infringed upon by Numero (the "Works") are attached as Exhibit E with the corresponding Copyright Registration Numbers. This Court will note that Exhibit E contains a total of 29 registered Works, of which only 7 Works overlap with those listed on the schedules attached to the Tuff City Contract. Thus, Numero respectfully requests that this Court's order expressly dismiss Tuff City's claims with respect to the 22 Works that are not included in the Tuff City Contract and limit the Counterclaim to the 7 overlapping Works.

### B. Tuff City Cannot Maintain a Tortious Interference Claim Against Numero to the Extent it Relies on the 2021 Email.

Count II of the Counterclaim states the 2021 Email is an "enforceable contract[] between Tuf and Lacour" [Counterclaim, ¶ 40], but as set forth in Section I(A), above, the 2021 Email is nothing more than correspondence between Tuff City and one of LaCour's children, who is not alleged to have any signatory authority for his father.

It should also be noted that Tuff City contends that Numero interfered with the 2021 Email solely by "using, distributing and selling the Works, thereby depriving Tuf of the exclusive benefits conferred upon it by the [2021 Email]." [Counterclaim, ¶¶ 42-43.] Reading between the lines, it is clear that Tuff City's tortious interference claim is based entirely on the premise that Tuff City held *exclusive copyright interests* in LaCour's music and that Numero's distribution and sale of this music violated these purported rights. Because Tuff City cannot possess exclusive rights in LaCour's music without first having secured a valid transfer of those rights through a written agreement signed by LaCour, its tortious interference claim fails for the same reasons set forth in Section I(A), above—it never received those exclusive rights. Thus, Numero's alleged conduct cannot constitute a deprivation of rights Tuff City did not possess.

Tuff City's tortious interference claim should also be dismissed because it is preempted by its copyright infringement claim. As set forth above, Count II of Tuff City's counterclaim is premised entirely on the fact that Numero had used, distributed and/or sold copyrighted music that Tuff City claims to have exclusive rights over [Counterclaim, ¶¶ 42-43], and as a result of Numero's actions, Tuff City claims it incurred damages in the form of "lost profits from the Works." [*Id.* at 44.] Thus, the crux of Tuff City's tortious interference claim is that Numero "*deprived*" Tuff City of its "*exclusive*" right to "*distribute*" copyrighted works that LaCour allegedly conveyed to Tuff City. This is, of course, an exclusive benefit bestowed upon copyright

holders pursuant to Section 106 of the Copyright Act, which states that the owner of a copyright "has the exclusive right . . . to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3).

Pursuant to Section 301(a) of the Copyright Act, a cause of action will be preempted by copyright law when (1) that claim involves a work that is fixed in a tangible medium of expression and be copyrightable subject matter under Section 102 of the Copyright Act; and (2) the right asserted is equivalent to any of the rights specified in Section 106 of the Copyright Act. *Baltimore Orioles Inc. v. Major League Baseball Players Assoc.*, 805 F.2d 663, 674 (7th Cir. 1986) (internal citations omitted). In this case, Tuff City inherently concedes the works at issue are copyrightable subject matter, as they form the basis of its infringement claim. With respect to equivalence, the rights sought to be protected in Tuff City's tortious interference claim are "equivalent" rights that fall within the general scope of copyright because it alleges that Numero violated its right to exercise one of the exclusive rights set forth in §106—the right of distribution. *Baltimore Orioles*, 805 F.2d at 674.

In this regard, Tuff City claims that Numero's distribution of LaCour's music infringes Tuff City's own exclusive right to do so, and therefore Numero tortiously interfered with a contract that conveyed these rights to Tuff City. This claim is equivalent to at least one of the rights encompassed by copyright, *viz.,* the right to distribute the musical works at issue herein and is therefore not qualitatively distinguishable from the rights Tuff City seeks to enforce under federal copyright law. Since these works are fixed in tangible form and come within the subject matter of copyright, the Tuff City's tortious interference claim is preempted and should be dismissed.

**CONCLUSION**

Wherefore, Counter-Defendant NUMERO GROUP, LLC ask that this Court dismiss Counts I and II of Counter-Plaintiff TUF AMERICA, INC.'s Counterclaim to the extent these claims are reliant upon the 2021 Email, to limit TUF AMERICA, INC.'s claims to the copyrights associated with the specific sound recordings and compositions specifically enumerated in Exhibit B of its Counterclaim, to dismiss Count II on the basis of copyright preemption, and for any further relief this Court deems necessary.

                                        **SWANSON, MARTIN & BELL, LLP**

By:       */s/ Jeffrey S. Becker*
                    One of the Attorneys for Plaintiff
                    **THE NUMERO GROUP, LLC**

Jeffrey S. Becker (jbecker@smbtrials.com)
Brentyn D. Baccega (bbaccega@smbtrials.com)
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
(312) 321-9100 (p) // (312) 321-0990 (f)

## **CERTIFICATE OF SERVICE**

I, Jeffrey S. Becker, certify that on October 10, 2025, I had a copy of this document sent by email to:

**MANDELL MENKES LLC**
Steven P. Mandell
Bryan G. Lesser
1 N. Franklin St., Suite 900
Chicago, IL 60606
312-251-1000
smandell@mandellmenkes.com
blesser@mandellmenkes.com
*Attorneys for Defendant TufAmerica, Inc.*

*/s/ Jeffrey S. Becker*
Jeffrey S. Becker