**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE NUMERO GROUP, LLC,<br>*Plaintiff/Counter-Defendant*<br><br>v.<br><br>TUFAMERICA, INC.,<br>*Defendant/Counter-Plaintiff.* | Case No. 1:25-cv-09674<br><br>Hon. Manish Shah<br><br>Magistrate Judge Keri L. Holleb Hotaling |
| TUFAMERICA, INC.,<br>*Third Party Plaintiff,*<br><br>v.<br><br>LEONARD J. LACOUR SR., LEONARD ALLEN LACOUR, and LEONARD "BOBBIE" LACOUR, JR.<br>*Third Party Defendants.* | |
| LEONARD J. LACOUR SR. and LEONARD ALLEN LACOUR,<br>*Third Party Counter-Plaintiff,*<br>v.<br><br>TUFAMERICA, INC.,<br>*Third Party Counter-Defendant.* | |
| LEONARD J. LACOUR SR. and LEONARD ALLEN LACOUR,<br>*Cross-Plaintiffs,*<br>v.<br><br>LEONARD "BOBBIE" LACOUR, JR.,<br>*Cross-Defendant.* | |

**THE NUMERO GROUP'S MOTION TO ENFORCE THE COURT'S SEPTEMBER 28, 2026 ORDER AND FOR SANCTIONS**

Plaintiff/Counter-Defendant, The Numero Group, LLC ("Numero"), by its attorneys, moves under Federal Rules of Civil Procedure 26 and 37 and this Court's September 28, 2026

Order (Dkt. 64) for an order enforcing the Court's previously imposed discovery consequence and for sanctions barring Defendant/Counter-Plaintiff TufAmerica, Inc. ("Tuff City") from offering any evidence in support of its recently added counterclaim concerning the works of Walter Grady (the "Grady Counterclaim"), or, at a minimum, precluding Tuff City from relying on any information or evidence not timely disclosed, and awarding Numero its reasonable expenses and attorneys' fees.

## I. INTRODUCTION AND RELEVANT BACKGROUND

### A. *The Court Conditioned Tuff City's Late Counterclaim On Expedited Discovery, Which Tuff City Failed to Substantively Adhere To.*

This is not an ordinary discovery dispute. On September 28, 2026, the Court granted Tuff City leave to file its amended counterclaim. Dkt. 64. When the Court permitted Tuff City to add the Grady Counterclaim late in the case, it found that "[t]he prompt resolution of this case is harmed by TufAmerica's delay." Dkt. 64. To address that prejudice, the Court required Tuff City to "submit to expedited discovery to keep this case on schedule," ordered responses within fourteen days, prohibited extensions, and established preclusion as the consequence for noncompliance. Dkt. 64. In so doing, the Court expressly ordered: "If TufAmerica fails to comply with this expedited deadline, it will be barred from offering any evidence in support of its counterclaim." Dkt. 64. The Court further explained that, if Tuff City expected "the benefit of a fresh period of discovery to address the new claims," it should have filed a new lawsuit. Dkt. 64. Fact discovery remains scheduled to close January 15, 2027. Dkt. 64.

Tuff City served its initial responses to Numero's Grady-related discovery on October 14, 2026 (within fourteen days), but those responses were materially incomplete. *See* Tuff City's Answers to Numero's Second Set of Interrogatories and Document Requests, attached hereto as **Exhibits A and B**, respectively. Numero repeatedly sought to resolve Tuff City's deficiencies

without court intervention. Numero first sent a detailed deficiency letter identifying the missing information request by request, requested amended verified answers and Bates-numbered production within seven days, requested a privilege log if materials were withheld, and invited Tuff City to state its position and confer concerning any disputed item. *See* Numero's November 4, 2026 Correspondence, attached hereto as **Exhibit C**. Tuff City did not supplement or substantively respond within that period. Numero followed up twice, including a final November 17, 2026 letter expressly invoking the Court's Order and offering to confer by telephone under Local Rule 37.2. *See* Numero's November 13, 2026 and November 17, 2026 Correspondence, attached hereto as **Exhibits D and E**, respectively. Numero's November 17, 2026 Correspondence quoted the Court's preclusion warning, identified the continuing deficiencies, demanded supplementation by the close of business, and expressly offered a telephone conference that same day under Local Rule 37.2.

Only on November 18, 2026, two weeks after Numero's original deficiency letter, did Tuff City provide a substantive response. *See* Tuff City's November 18, 2026 Correspondence, attached hereto as **Exhibit F**. Tuff City did not amend a single interrogatory answer or document response and produced no additional information or documents. Instead, it principally declared its existing answers "sufficient," while representing that it has no additional documents to produce, has produced a privilege log, and is not withholding any other privileged documents. Ex. F. Numero immediately accepted Tuff City's invitation to confer. Counsel conducted a Local Rule 37.2 telephone conference on November 18, 2026, but the parties reached an impasse. Tuff City continued to stand on its existing responses and declined to provide the requested supplementation. Because an evasive or incomplete response is treated as a failure to respond, Fed. R. Civ. P. 37(a)(4), the November 18 letter does not cure Tuff City's noncompliance. It instead crystallizes

the dispute and confirms that Tuff City will not provide further discovery absent Court intervention.

### B. *Tuff City's Discovery Responses Omitted Basic Evidentiary Support for Its New Claim.*

Tuff City's answers to Numero's Grady-related discovery were materially incomplete. They failed to identify the asserted composition and sound-recording rights on a work-by-work basis, confused composition administration with sound-recording distribution, failed to provide complete revenue and accounting information, failed to identify the requested Copyright Office materials, and repeatedly substituted references to pleading exhibits, a party-created spreadsheet, or a mutable webpage for complete narrative answers and production.

#### 1. **Ownership and Work Identification.**

Interrogatory No. 22 requested that Tuff City identify with particularity each Grady Recording and each Grady Composition allegedly conveyed to it and provide creation and publication information for each work. Tuff City responded that it owns "the copyrights, including the sound recording and song compositions, to the 116 songs listed in Schedule A of Amended Complaint Exhibit F." (Ex. A, Answer to Interrog. No. 22.) Tuff City's November 18 letter clarifies that it was not involved in the works' initial creation or publication and does not possess the requested creation and publication information. (Ex. F.) Numero no longer seeks to compel Tuff City to provide dates it represents it does not possess, but Tuff City should be barred from later presenting this information. Further, the principal deficiency remains: neither the interrogatory answer nor the November 18 letter separately identifies the Grady Recordings and Grady Compositions allegedly conveyed, distinguishes between rights claimed in each composition and each sound recording, or connects each asserted right to the purported conveyance on which Tuff City relies. A list of song titles does not identify whether Tuff City

claims ownership of the musical composition, one or more sound recordings embodying that composition, or both. (Ex. B; Ex. C at 1; Ex. F.)

The agreements upon which Tuff City itself relies only reinforce this deficiency. Tuff City has repeatedly identified Exhibits F and G to its Amended Counterclaim as the agreements establishing its ownership of the Grady Works and as the documents supporting its allegation that it owns both the sound-recording and musical-composition copyrights at issue. (Ex. B, Responses to Requests Nos. 30, 31, 39, and 41.) But those agreements do not resolve which particular copyrights Tuff City claims to have acquired. The earlier Grady agreement attaches a schedule of song titles, but neither the agreement nor its schedule identifies whether the listed titles represent musical compositions or sound recordings, nor does it identify any copyright registration numbers or otherwise connect individual titles to particular copyrighted works. The later Grady agreement is potentially even more significant, as it contemplates separate exhibits identifying sound recordings and compositions, yet those referenced exhibits are not included with the agreement Tuff City attached to its Amended Counterclaim, nor were they produced in response to Numero's discovery requests. Thus, the very agreements to which Tuff City directs Numero do not disclose which particular compositions and sound recordings were allegedly conveyed. That missing information goes directly to the deficiency in Interrogatory No. 22. Numero still cannot determine whether Tuff City claims rights in a composition, a sound recording, or both, much less identify the contractual basis for each asserted right.

Moreover, because Tuff City has now affirmatively represented that it has no additional documents to produce, its position necessarily appears to be that the referenced but unproduced schedules identifying the sound recordings and compositions are not within its possession, custody, or control. Tuff City should therefore be precluded from later relying upon the missing

schedules or any other unproduced documentation to establish the scope of its claimed ownership.

**2. Composition Administration.**

Interrogatory No. 23 asked Tuff City to identify each Grady Composition it currently administers, explain how it collects mechanical and public-performance income, and identify the entity through which each composition is administered. Tuff City instead described direct sales through Bandcamp and digital distribution through AudioSalad, both of which concern exploitation of sound recordings, and listed tracks appearing on released compilations. (Ex. A, Answer to Interrog. No. 23.) The inadequacy of that answer is confirmed by TUF000128, which separately identifies $28.53 in "Kobalt publishing" income and contains Kobalt entries identifying song titles, writers, work identification numbers, rights types, quarters, and amounts. Yet Tuff City has never amended its interrogatory answer to identify Kobalt's role, the compositions Kobalt administers or collects for, the relevant administration period, or any PRO or mechanical-licensing registrations. Tuff City's November 18 letter merely declares the existing answer "sufficient"; it does not address the distinction between composition administration and sound-recording distribution or provide the requested administration information. (Ex. F.)

**3. Distribution of Recordings.**

Interrogatory No. 24 asked Tuff City to identify, for each Grady Recording currently distributed, where and how it is distributed, when distribution began, and the distributor involved. Tuff City answered only, "See response to Interrogatory 23." (Ex. A, Answer to Interrog. No. 24.) Although Tuff City's November 18 letter asserts that this cross-reference sufficiently identifies each recording and its manner of distribution, it still does not supply the requested recording-by-recording distribution commencement dates or identify the distributor for each recording. (Ex. F.) The transaction data in TUF000128 does not excuse Tuff City from providing a complete verified

narrative answer to the interrogatory.

**4. Revenue and Source Records.**

Interrogatory No. 26 requested annual income from January 1, 2016 forward, separately for the Grady Recordings and Grady Compositions, including the amount, revenue type, payor, and related work. Tuff City provided an aggregate $152.68 figure for AudioSalad, Bandcamp, and Kobalt, together with annual totals for only certain years. (Ex. A, Answer to Interrog. No. 26.) TUF000128 contains more granular transaction data, but Tuff City has not incorporated that information into a complete verified interrogatory answer or clearly separated recording income from composition income on the requested work-by-work and annual basis. Moreover, TUF000128 acknowledges that AudioSalad statements before May 2022 are not included, that certain Bandcamp compilation sales were not allocated to the Grady Works, and that the third quarter 2026 Kobalt accounting was incomplete. (TUF000128, Summary Notes 1-3.)

Requests Nos. 34 and 35 sought the underlying accounting statements and records from distributors, vendors, licensees, collecting entities, and Tuff City itself. Tuff City responded only, "see TUF000128." (Ex. B, Responses to Requests Nos. 34-35.) Tuff City's November 18 letter now affirmatively represents that it has no additional documents to produce. (Ex. F.) If that representation is accepted, Tuff City should be bound by it and barred from later relying on any unproduced AudioSalad statements, Bandcamp records, Kobalt statements, royalty reports, accounting records, or other source documents responsive to Requests Nos. 34 and 35.

**5. Copyright Office Records.**

Interrogatory No. 27 requested identification of all Copyright Office filings, registrations, assignments, filing dates, and works covered. Tuff City identified only "V3540D465 (recorded 2/8/2006)" and referred generally to Exhibit H to its Amended Counterclaim. Its responses to

Requests Nos. 37 and 38 likewise referred to Exhibit H rather than identifying and producing each responsive registration, application, assignment, schedule, exhibit, or recordation document. (Ex. A, Answer to Interrog. No. 27; Ex. B, Responses to Requests Nos. 37-38.) Tuff City's November 18 letter declares that the response "sufficiently identifies the copyright registration filing," but it does not identify or produce the actual documents submitted by Tuff City to the Copyright Office in connection with this registration or explain whether Tuff City claims that V3540D465 is the only Copyright Office record supporting its asserted ownership of 116 compositions and sound recordings. (Ex. F.) Tuff City has now represented that it has no additional documents to produce. Accordingly, if Tuff City will not supplement, it should be limited to the Copyright Office materials already identified and produced and barred from relying on any other registration, application, assignment, schedule, exhibit, deposit, or recordation document in support of the Grady Counterclaim.

**6. <u>Accountings and Payments</u>.**

Interrogatory No. 29 asked whether Tuff City sent accounting statements and royalty payments to Grady from January 1, 2016 to the present and, if so, requested the dates and amounts. Tuff City identified only two payments from December 2005, outside the requested period. (Ex. A, Answer to Interrog. No. 29.) Tuff City's November 18 letter states that its response "sufficiently identifies payments to Grady," but still does not answer whether any accounting statement or royalty payment was sent during the requested period. (Ex. F.) If Tuff City's position is that no such accounting or payment occurred from January 1, 2016 forward, it was required to say so in a verified supplemental answer. If Tuff City refuses, it should be barred from offering evidence of any accounting statement or royalty payment made during that period.

**7. <u>Supporting Facts and Documents</u>.**

Interrogatory No. 30 requested the material facts supporting specified ownership, lack-of-authorization, and infringement allegations in the Grady Counterclaim. Tuff City asserted that the interrogatory was compound and then referred generally to Exhibits F-H without identifying the facts supporting any allegation, the persons with knowledge, or corresponding documents. (Ex. A, Answer to Interrog. No. 30.) Tuff City's November 18 letter states only that its reference to its "contractual rights as filed" sufficiently identifies the basis for its allegations. (Ex. F.) That response still does not identify the material supporting facts requested and does not address Numero's proposal that Tuff City identify its counting methodology and answer at least those portions it concedes fall within Rule 33's numerical limit. This is particularly troubling when Tuff City is aware that the Court allowed it to pursue the Grady Counterclaim as part of this litigation despite the fact that it likely should have been filed as a separate action, which would have allowed for a new set of discovery requests.

Tuff City's document responses similarly rely on generalized references to pleading exhibits, TUF000128, and a live Bandcamp webpage. (Ex. B, Responses to Requests Nos. 27-47.) If Tuff City will not provide the requested factual bases, it should be limited to the specific facts and documents actually identified in its existing responses and prohibited from introducing additional factual theories or supporting evidence later.

## II. <u>LEGAL STANDARD</u>

A district court has broad authority to manage discovery and enforce its orders, including ordering sanctions for violations of those orders. *See* Fed. R. Civ. P. 16(f), 37(b)(2); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775-77 (7th Cir. 2016) (affirming sanctions for failure to comply with discovery and court orders and recognizing the district court's broad discretion); *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642-43 (7th Cir. 2011) (district courts have wide latitude

in fashioning sanctions proportionate to discovery misconduct). Rule 37(b)(2)(A)(ii) specifically authorizes this Court to enter an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

## III. <u>ARGUMENT</u>

### A. *Tuff City's Materially Deficient Discovery Responses Failed To Comply With The Court's Expedited-Discovery Order.*

Tuff City did not comply with the Court's September 28, 2026 Order merely by serving facially timely papers that omitted the substance of the discovery sought. Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *See also New Prime, Inc. v. Prime Logistics Corp.*, No. 23-cv-0095, 2024 WL 6935023 at *1-5 (N.D. Ill. Jan. 29, 2024) (citing Fed. R. Civ. P. 37(a)(4) and awarding sanctions based on incomplete discovery responses). Tuff City's November 18, 2026 letter does not cure those deficiencies because it does not amend a single interrogatory answer, identify additional requested information, or produce any documents. Instead, it largely labels the existing responses "sufficient." (Ex. F.) A post-deadline assertion that an incomplete response is sufficient does not transform it into a complete answer.

To the extent the November 18, 2026 letter provides actual clarification, Numero accepts and narrows the dispute accordingly. Numero no longer seeks a privilege log beyond the log Tuff City states it already produced, and Numero does not seek to compel creation or production of information or documents Tuff City unequivocally represents it does not possess after reasonable inquiry. But those representations have consequences. Tuff City should be held to its statement that it has no additional responsive documents and should not later be permitted to rely on documents, source records, registrations, accountings, payment records, or other materials that it now says it does not possess and has not produced.

The Court's Order was designed to prevent Tuff City's late amendment from depriving Numero of meaningful discovery or disrupting the existing schedule. Dkt. 64. Treating Tuff City's incomplete responses as compliance would defeat that purpose and permit the very additional discovery period the Court refused to authorize.

**B. *The Court Should Enforce The Preclusion Consequence It Already Established.***

Numero does not ask the Court to select preclusion as an initial sanction for a routine disagreement. The Court already established that consequence when it allowed Tuff City's late counterclaim—failure to comply with the expedited deadline would bar Tuff City "from offering any evidence in support of its counterclaim." Dkt. 64. The present motion asks the Court to enforce that express condition. That remedy also falls squarely within Rule 37. Rule 37(b)(2)(A)(ii) authorizes claim-specific and evidence-specific preclusion for violation of a discovery order. And Rule 37(c)(1) provides that a party that fails to provide or supplement information required by Rule 26(a) or (e) may not use the undisclosed information or witness "to supply evidence on a motion, at a hearing, or at a trial," unless the failure was substantially justified or harmless.

The Seventh Circuit treats exclusion under Rule 37(c)(1) as the ordinary consequence of an unjustified and harmful disclosure failure. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (identifying prejudice or surprise, ability to cure, likelihood of disruption, and bad faith or willfulness as relevant considerations); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (Rule 37(c)(1) is "automatic and mandatory" unless the failure was justified or harmless); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (affirming exclusion where nondisclosure deprived the opposing party of the opportunity to prepare discovery and litigation strategy).

Those considerations support preclusion here. The omitted information concerns the core

proof of Tuff City's Grady Counterclaim: the particular compositions and sound recordings allegedly owned; the rights claimed in each; the administration and exploitation of those works; the revenues received; the accountings and payments made; the Copyright Office records on which ownership depends; and the facts supporting Tuff City's infringement allegations. Numero cannot fairly investigate ownership, test revenue assertions, evaluate administration and exploitation, or prepare corporate and individual depositions without complete answers.

Tuff City's November 18, 2026 response does not lessen that prejudice. It confirms that Tuff City has elected to stand on its existing responses and that no further documents will be produced. (Ex. F.) Numero therefore must either prepare depositions without the requested discovery or postpone oral discovery while seeking relief, precisely the disruption the Court's expedited Order sought to avoid. At minimum, Tuff City must be held to its representations and barred from later supporting its counterclaim with information or documents it refused to identify or produce during the expedited discovery period.

### C. *Tuff City's Belated Supplementation After The Court-Ordered Period Would Not Eliminate The Prejudice.*

Rule 26(e) requires timely supplementation when a party learns that a response is incomplete or incorrect. Supplementation is not a license to withhold core evidence until after an opponent identifies every defect, repeatedly seeks compliance, and files a motion. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 3:12-cv-50324, 2024 WL 2846034 at *26 (N.D. Ill. June 5, 2024) (quoting 6 *Moore's Federal Practice*, § 26.131[3]) (discussing Fed. R. Civ. P. 26(e) and providing that "'[t]he duty to supplement and correct disclosures and responses is a continuing duty and no motion to compel further supplementation is required.")).

Here, Tuff City has gone further than merely failing to supplement. It has now affirmatively represented that it has no additional documents to produce and intends to stand on its existing

responses. (Ex. F.) The Court should hold Tuff City to that representation. If responsive source records, ownership materials, Copyright Office filings, accountings, payment records, administration records, communications, or other documents are later located or offered, Tuff City should be precluded from using them absent a showing of substantial justification and harmlessness under Rule 37(c)(1).

The same principle applies to information. Tuff City should not be permitted to avoid complete interrogatory answers now and later supply, through depositions, declarations, expert disclosures, summary-judgment submissions, or trial testimony, work-specific ownership positions, administration arrangements, distribution histories, payment information, or supporting factual theories that it refused to disclose in response to Numero's expedited interrogatories.

## IV. LOCAL RULE 37.2 CERTIFICATION

Numero certifies under Local Rule 37.2 that it made repeated good-faith efforts to resolve these issues without judicial intervention. On November 4, 2026, Numero provided detailed written correspondence identifying the material deficiencies, requesting supplementation within seven days, and offering to confer. (Ex. C.) After Tuff City failed to respond or supplement, Numero contacted Tuff City again and afforded additional time. (Ex. D.) On November 17, 2026, Numero made a final effort, expressly offered to confer by telephone, and requested that Tuff City advise promptly if it wished to do so. (Ex. E at 3.)

On November 18, 2026, Tuff City sent its first substantive response to Numero's November 4, 2026 letter and invited Numero to call. (Ex. F.) Numero immediately accepted that invitation. Counsel for Numero and Tuff City conferred by telephone for 25 minutes on November 18, 2026, regarding the deficiencies raised in Numero's November 4, 2026 letter and Tuff City's November 18, 2026 response. The parties discussed the remaining disputed interrogatories and

document requests in good faith but were unable to reach agreement. Tuff City continued to stand on its existing responses and declined to supplement them. The parties therefore reached an impasse, necessitating this motion.

## V. CONCLUSION

Numero respectfully requests that the Court enforce its September 28, 2026 Order and enter an order sanctioning Tuff City by barring Tuff City from offering evidence in support of the Grady Counterclaim. Alternatively, at a minimum, Tuff City should be barred from presenting evidence beyond the information and documents identified and initially produced in response to Numero's expedited discovery. In particular, Tuff City should be held to its November 18, 2026 representation that it has no additional documents to produce and should be barred from later relying upon any responsive document not already produced. Numero also requests that this Court award Numero its reasonable expenses and attorneys' fees under Rule 37, and grant such further relief as the Court deems just.

Date: November 18, 2026

Respectfully Submitted,

**THE NUMERO GROUP, LLC**

By: */s/ Jeffrey S. Becker*
Jeffrey S. Becker (IL ARDC No. 6282492)
Nicole O'Toole Peterson (IL ARDC No. 6330227)
Michael P. Gerkin (IL ARDC No. 6345660)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
mgerkin@smbtrials.com

*Attorneys for Plaintiff/Counter-Defendant, The Numero Group, LLC*